**FILED**

AUG - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARRYL GASKINS,<br><br>Defendant. | Magistrate No. 07-372<br>DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged with possession with intent to distribute a mixture and substance containing heroin in violation of 21 U.S.C. § 841(a)(1). A consolidated preliminary and detention hearing, conducted by the undersigned United States Magistrate Judge, commenced on July 25, 2007 and was concluded on August 3, 2007.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

United States v. Gaskins                                                                                              2

18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq.,

United States v. Gaskins                                                                                                          3

for which a maximum period of incarceration of ten years or more is prescribed.  18 U.S.C. § 3142(e).

### III. DISCUSSION

The government's sole witness was Officer Somalli Fuller of the Metropolitan Police Department.  Officer Fuller testified that he executed a search warrant at 1635 18th Street, S.E., Apartment 203.  The Defendant opened the door to the apartment, and there was a woman inside sitting at a table.  Office Fuller testified that the Defendant stated that he was the only person who lived at the apartment.  Officer Fuller further testified that when he asked the Defendant if there was anything illegal in the house, the Defendant said there were some things on his bed.  Found on Defendant's bed was a one-ounce brown substance that field tested positive for heroin, two digital scales, 500 empty ziplock bags, a sifter and a spoon.  In a plumbing access wall, 460 grams of a brown substance that field tested positive for heroin was found.  Officer Fuller testified that during the search three ziplock bags of a brown rock-like substance that tested positive for heroin was found on the Defendant's dresser, five ziplock bags were found next to the woman who was in the apartment, and that approximately $11,000 in cash was also pound.  Officer Fuller testified that the Defendant's name was not on the lease for the apartment, but the Defendant, when asked, stated that he was the only person who lived there and only men's clothing was found in the apartment, along with some documents with Defendant's name on them.  Approximately 462 grams of heroin was found in the apartment, with an estimated street value of $69,000.  All the heroin found at the home was not in a form that is used for consumption.

United States v. Gaskins                                                                                                          4

    Counsel for the government, in further support of the government's request for pretrial detention, proffered the contents of the report prepared by the Pretrial Services Agency, which indicates that the Defendant, while on supervision by CSOSA, has been arrested three times, for domestic assault, attempted distribution of cocaine, and for this current case. Government counsel proffered that the Defendant was convicted on the domestic assault and attempted distribution of cocaine charges. The government also proffered that the Defendant has prior convictions for threats and voluntary manslaughter. In addition, counsel for the government proffered that Defendant's community supervisor was in the process of having a warrant issued for the Defendant for violation of his supervision conditions, but that the warrant was not yet in the system.

    Defendant submitted on probable cause.[1]

    Through his counsel, Defendant proffered that he should be released to Pretrial Services' high intensity supervision program. Defendant proffered that he would be able to live a the home of his sister.

## IV.  **FINDINGS OF FACT**

    Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that the Defendant was engaged in the distribution of significant quantities of heroin.

---

[1] The court found probable cause.

United States v. Gaskins                                                                                                          5

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, the Defendant's history and characteristics militate against pretrial release. Of particular significance is that Defendant has three arrests and two convictions while on supervision. In addition, the Defendant has a history of committing crimes of violence.

Finally, the undersigned is satisfied that the toll which distribution of heroin has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence of Defendant's significant involvement in the distribution of controlled substances demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned has carefully considered Defendant's proffer, and finds that while it is sufficient to rebut the presumption of fugitivity, it is insufficient to rebut the presumption of dangerousness. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the August 3, 2007 Order of Detention.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge

August 3, 2007
DATE