UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  07-200 (EGS) |
| v. : | |
| : | |
| DARRYL GASKINS : | |
| : | Motions Hearing Date: October 30, 2007 |
| Defendant. : | |

**GOVERNMENT'S NOTICE OF INTENT TO IMPEACH DEFENDANT WITH HIS
PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies the defendant and the Court of its intent to impeach the defendant, should he choose to testify, with his prior convictions, pursuant to Fed. R. Evid. 609.  In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

I. Background

The defendant is currently charged with Possession With Intent to Distribute One Hundred Grams or More of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i) and Possession With Intent to Distribute Cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  On January 11, 2006, the defendant was convicted in the Superior Court of the District of Columbia of Attempted Distribution of Cocaine, in case number 2004-FEL-007712.  The defendant was sentenced to 30 months incarceration, suspended, and three years of probation.  On December 8, 1982, the defendant was also convicted in the Superior Court of the

District of Columbia of Voluntary Manslaughter While Armed, in case number 1982-FEL-003556. The defendant served a sentence of ten to thirty years, and was placed on parole. On March 14, 1995 the defendant's parole was revoked. On January 9, 2002 the defendant was re-paroled. Should the defendant choose to testify in the trial of the instant case, the government intends to introduce evidence of his previous convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

II. Fed. R. Evid. 609(a)(1)

"[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). The defendant has been convicted once for Attempted Distribution of Cocaine and once for Voluntary Manslaughter While Armed, each of which was punishable by more than one years' imprisonment. He was released from custody on each of those offenses within the last ten years. This Court should permit the use of those convictions to impeach the defendant because their probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. The charges in this case arise from the execution of a search warrant at the defendant's residence, a one bedroom apartment at 1635 Eighteenth Street SE, Apartment number 103, Washington, DC. Recovered during the execution of the warrant were approximately 425 grams of heroin found in various areas of the apartment, much of which was packaged for street level distribution, and approximately 4 grams cocaine base, packaged in

35 individual zips recovered from the defendant's person. Here, the defendant's prior convictions will be probative because the defendant's credibility regarding any explanation for the presence of the drugs that were recovered, as well as the manner in which those drugs were packaged, will be a central issue should he choose to testify. Id. at 1062. The probative value of the defendant's prior convictions is, therefore, quite high, as they are as they are evidence of offenses that demonstrate a conscious disrespect for the law, and consequently for the oath taken by witnesses and for the judicial proceedings.

With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?" Id. Here, the prejudicial effect of using these convictions for impeachment is outweighed by their probative value. This is especially true with regard to the defendant's 2006 conviction for Attempted Distribution of Cocaine.

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980). In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950. Here, it is clear that the probative value of the defendant's prior convictions outweighs any prejudicial effect.

III. Fed. R. Evid. 609(b)

Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . . ." Here, the defendant was released from custody on his second parole revocation pertaining to his 1982 Manslaughter conviction on January 9, 2002, that is, within the last ten years. In addition, the defendant's conviction for Attempted Distribution of Cocaine occurred on January 11, 2006, also within the last ten years. Thus, both convictions may properly be used for impeachment.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior convictions for impeachment purposes.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498610

BY:              /S/
EDWARD A. O'CONNELL
Assistant United States Attorney
D.C. Bar Number 460233
Organized Crime and Narcotics Trafficking Section
555 Fourth Street NW
Room 4122
Washington, DC 20530
(202) 514-6997
Fax: (202) 514-8707
Edward.O'Connell@usdoj.gov